UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
for the use and benefit of
GREGORY DAVIS,

      Plaintiff,

vs.                                CASE NO. 3:08-cv-1211-J-34TEM

FIDELITY INVESTMENTS, et al.,

      Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court for review and consideration of Plaintiff's Application to Proceed Without Payment of Fees and Affidavit (Doc. #2), filed on December 17, 2008 and which the Court construes as a motion to proceed *in forma pauperis* status pursuant to 28 U.S.C. §1915. As required under 28 U.S.C. §1915(e)(2), the Court is also obligated to review the complaint to determine if it is subject to dismissal under the terms of that statute. Upon review and consideration, the Court finds this action is subject to dismissal.

Plaintiff, an individual incarcerated at the Federal Correctional Institution-Gilmer, located in Glenville, West Virginia, is proceeding in this matter as a *pro se* litigant. Plaintiff filed the original complaint (Doc. #1) on December 17, 2008 and an amended complaint was filed pursuant to the Court's order on April 16, 2009 (*see* Doc. #9, Court Order; Doc. #10, Amendment

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Complaint). In both complaints, Plaintiff purports to bring this litigation pursuant to the Miller Act, 40 U.S.C. § 3131 et. seq.[2]

Plaintiff filed proof of his financial status with copy of his prisoner trust account reflecting deposits for the preceding six (6) month period and the balance as of December 8, 2008 (Doc. #2, Attachment). The Court is thus in a position to determine whether Plaintiff may proceed *in forma pauperis*. The Court may allow a plaintiff to proceed without prepayment of fees where the plaintiff has demonstrated through the filing of an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). However, pursuant to Local Rule 4.07(a), the Court may enter an order requiring "the party seeking leave to proceed *in forma pauperis* shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice."

On April 26, 1996, the President signed into law the Prison Litigation Reform Act. This Act provides methods to determine the appropriate amount of the initial partial filing fee where an inmate files an action *in forma pauperis* and further requires the inmate to make monthly payments thereafter to pay the full amount of the filing fee ($350). These filing fee provisions are as follows:

> [I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee. The Court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial filing fee of twenty (20) percent of the greater of:
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of twenty (20) percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

---

[2]Former Title 40, U.S.C. Section 270 et. seq.

28 U.S.C. §1915(b)(1)-(2).

The copy of Plaintiff's prisoner account transactions reflects deposits of $0 for six months prior to December 8, 2008 and a balance of $3.00 as of December 8, 2008 (Doc. #2 at 3). Although Plaintiff's inmate inquiry into his prisoner account does not reflect a complete six month history, this Court finds sufficient information has been provided to determine that Plaintiff has no funds available to pay the initial filing fee. If the undersigned were to find this case should proceed, the Court would assess the full $350 filing fee according to 28 U.S.C. §1915(b)(1)-(2) and direct the agency having custody of Plaintiff, the Federal Bureau of Prisons, to forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees were paid. However, as discussed below, the undersigned finds this case is subject to dismissal and **recommends** Plaintiff's Application to Proceed Without Payment of Fees and Affidavit (Doc. #2) **be denied**.

When a party seeks to proceed in a federal court as in indigent litigant under the umbrella of *in forma pauperis* status, the Court is also obligated to review the case pursuant to 28 U.S.C. §1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States. 28 U.S.C. §1331. Plaintiff appears to allege he provided labor services to the United States while incarcerated and seeks to recover monies allegedly owed him from sub-contractors to the Government for the work he performed. *See generally*, Doc. #10.

Courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9, (1980). Rule 8 of Federal Rules of Civil

Procedure states that a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. The Court has reviewed Plaintiff's complaint and finds that the complaint, even under the broad construction afforded *pro se* litigants, not only fails to state a claim upon which relief can be granted, but is frivolous on its face.

Federal courts are empowered with discretion to dismiss an action, *sua sponte*, if it is frivolous or malicious. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (*quoting Neitzke*, 490 U.S. at 327).

Typically, a court should not dismiss a *pro se* litigant's complaint pursuant to the provisions of Section 1915 "without granting leave to amend at least once when a liberal reading of the complaint gives <u>any indication that a valid claim might be stated</u>." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (*per curiam*) (*internal quotation marks omitted*) (emphasis added). However, "[i]n some cases, even under the broadest and most liberal standard of pleading, the plaintiff may state no cause of action." *Watson v. Ault*, 525 F.2d 886, 891-92 (5th Cir. 1976).[3]

In the instant action, Plaintiff's amended complaint does not give any indication a valid Miller Act claim may be brought under the facts Plaintiff presents. The Miller Act, 40 U.S.C. §

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3131 et. seq., provides that before any contract "of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government" a person must post a payment bond "for the protection of all persons supplying labor and material" for the carrying out of the contract and a performance bond to protect the Government. 40 U.S.C. § 3131(b).

In his amended complaint, Davis states "Plaintiff was presented with an offer to contract entitled UNITED STATES VS. GREGORY DAVIS No. 3:99-cr-132-J-20C in the United States District Court Middle District of Florida Jacksonville Division for an 'undisclosed' amount of debt." (Doc. #10 at 1 (emphasis in the original).) The Court recognizes the purported contract number as actually a criminal case number in this district. Examination of Court records reveals that Gregory Davis was indicted in the Middle District of Florida on May 19, 1999, charged with one count of conspiracy to defraud the United States and one count of possession of fictitious obligations intended to defraud. *See U.S. v. Davis*, Crim. Action No. 3:99-cr-132-J-20C, Doc. #1, Indictment (M.D. Fla. May 19, 1999). Davis pled guilty to both counts before the Honorable Harvey E. Schlesinger on August 13, 1999. *Id.* at Doc. #49. On January 31, 2000, Davis was sentenced to 24 months imprisonment to be followed by a 60-month period of supervised release. *Id.* at Docs. #61, #63. Subsequently, on June 4, 2002, jurisdiction for the supervised release was transferred to the Eastern District of Kentucky, Lexington Division. *Id.* at Doc. #78.

In the original complaint (Doc. #1), Davis also referred to his "United States contract number 12887-074." The referenced number refers not to a federal contract, but to the prisoner number assigned to him by the United States Marshal's Service. In the amended complaint, Plaintiff asserts the United States "sold case no. 3:99-cr-132-J-20C to Defendant Fidelity Investments as a "delinquent" account," to which Miller Act Bonds were attached (Doc. #10 at 1-2 (emphasis in the original)). Plaintiff further claims the case constituted public work under the

5

Miller Act (Doc. #10 at 2), and Plaintiff's "physical toil of 24 months qualify as labor. . . " (Doc. #10 at 7).

The purpose of the Miller Act is to provide laborers and suppliers on federal construction projects protection which laborers and suppliers on private projects would have under state lien laws. *United States for Benefit and on Behalf of Sherman v. Carter*, 353 U.S. 210 (1957). Under the Miller Act, if a person who has furnished labor or material under such a contract under a payment bond has not been paid in full within "90 days after the day on which the person did or performed the last of the labor. . . [the person] may bring a civil action." 40 U.S.C. § 3133(b)(1). A civil action under the Act must be brought in the name of the United States and in the United States District Court for any district in which the contract was to be performed and executed. 40 U.S.C. § 3133(b)(3). Further, a civil action "must be brought no later than one year after the day on which the last of the labor was performed. . . by the person bringing the action." 40 U.S.C. § 3133(b)(4).

To establish a prima facie claim under the Miller Act, in addition to establishing the existence of a federal contract within the meaning of the Act, the plaintiff must show: (1) that labor was provided for work on the particular federal contract at issue; (2) that the labor is unpaid; (3) that the laborer had a good faith belief that the labor was for the specified work; and, (4) that jurisdictional requisites are met. *See, e.g., J.W. Bateson Co. Inc. v. United States ex rel. Bd. of Trustees of the Nat'l Automatic Sprinkler Ind. Pension Fund,* 434 U.S. 586 (1978); *United States f/u/b/o Krupp Steel Products, Inc., v. Aetna Insurance Co.,* 831 F.2d 978, 980 (11th Cir. 1987); *Keith v. Volpe*, 858 F.2d 467, 491 (9th Cir. 1988); *United States f/u/b/o Polied Environmental Serv's., Inc. v. Incor Group, Inc.*, 238 F.Supp.2d 456, 459-62 (D. Conn. 2002).

Curious as to how Davis could claim the Act is applicable to him, since on his application he lists that he is a prisoner at FCI Gilmer, the Court checked Court records which show

6

supervision of his supervised release was transferred to the Eastern District of Kentucky. Court records from the Eastern District of Kentucky show a violation notice was issued and a warrant issued. According to the records, Davis was indicted for forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with two Deputy United States Marshals in the performance of their official duties and in doing so did use a motor vehicle as a deadly and dangerous weapon. *See U.S. v. Davis*, Crim. Action No. 5:02-cr-111-JMH-1 (E.D. Ky. Sept. 5, 2002). Davis was subsequently convicted and sentenced to 190 months in prison for these acts. *See id.* Further, a 24-month sentence was imposed in the supervised release violation case. *See U.S. v. Davis*, Misc. Action No. 5:02-mc-00003-KSF (E.D. Ky. Jun.10, 2002).

Although Plaintiff's approach to the Miller Act claim may be viewed as novel, under no set of facts alleged in the amended complaint can Plaintiff maintain a cause of action. Plaintiff's attempt to redefine a criminal sentence imposed as penalty for criminal wrongdoing as a contract between himself and the United States simply fails on its face. The imposition of a criminal sentence is not a contract for a federal construction project between two agreeing parties as envisioned by the Miller Act. Further, Plaintiff does not state under what federal construction project he provided labor, where the federally funded project occurred (the Middle District of Florida venue seems unlikely since he has been confined at prisons in Kentucky for several years), or to whom he gave the notice of non-payment 90 days prior to filing suit. Plaintiff's contention that he has completed all the terms of the "original contract sale of 3:99-cr-132-J-20C," thus paying his debt in full but remaining as a "principal" on some supposed Miller Act bonds, for which he is entitled to interest payments (*see, e.g.*, Doc. #10 at 2), is simply without merit.

The undersigned finds this suit is frivolous, lacking an arguable basis either in law or fact. *See Neitzke v. Williams*, 490 U.S. at 325. In reviewing the original complaint and the amended

7

complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). The amended complaint is fatally flawed in that no amendment would cure the deficiencies. The Court finds Plaintiff's complaint to be frivolous on its face and therefore **recommends** Plaintiff's Application to Proceed Without Payment of Fees and Affidavit (Doc. #2) **be DENIED and this action be DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida this 19th day of May, 2009.

_____
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff
Counsel of record, if any

The Hon. Marcia Morales Howard